**Bill & Susan HYNES, Individually & as Next Friends for Julie Elizabeth Hynes, a Minor,**

v.

**The STATE of Texas.**

**No. 12–92–00216–CV.**

Court of Appeals of Texas,
Tyler.

Jan. 26, 1993.

Opinion Overruling Motion for
Rehearing May 14, 1993.

Rehearing Overruled July 8, 1993.

---

1. If we had been correct, a dismissal would    have been proper.

Michael L. Atkinson, Conroe, for appellant.

Grady Click, Asst. Atty. Gen., Austin, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

RAMEY, Chief Justice.

Appellants ("Hynes") appeal from a summary judgment granted in favor of Appellee State of Texas ("State"). We will reverse the summary judgment and remand the case to the trial court.

The facts giving rise to the instant lawsuit are briefly as follows: On August 4, 1989, upon exiting Sam's Wholesale Club's (Sam's) parking lot onto State Highway Loop 323 in Tyler, Texas, Jerry Slayton's Oldsmobile in which Julie Hynes was a passenger was struck by a southbound

GMC Suburban automobile. As a result of this collision, Julie Hynes was injured. At the time of the accident, there was no traffic control posted at or near the entrance of Sam's private commercial driveway to the Loop. The summary judgment evidence, however, reveals that there had previously been stop signs on this driveway at an undisclosed distance from the Loop. The State, through its Texas Department of Transportation, had not erected a traffic sign at the entrance to the Loop at the place where the Slayton vehicle was struck nor had it authorized any other party to do so.

Our standard for reviewing a summary judgment is that the movant must show that there is no genuine issue of material fact and that it is entitled to its judgment as a matter of law. Appellants, as non-movants, are entitled to have all reasonable inferences made and all doubts resolved in their favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex.1985); *University of Texas Health Science Center at Houston v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792 (Tex.1987).

Traffic control on Texas Highways and the placement, maintenance and regulation of traffic-control and traffic-control devices is governed by TEX.REV.CIV.STAT.ANN. art. 6701d (Vernon 1977). Sections 29 and 30 [1] of that article gives the State, through the Texas Department of Transportation, the authority to place and maintain traffic-control devices on State highways to assure that the provisions of the Article are complied with as well as to regulate, warn, or guide traffic thereon.

The Appellants sole point of error is:

The issue before this court is whether the State or a municipality, which is charged with the obligation to maintain and replace traffic signs which it places along its roads or highways, can also be obligated to maintain or replace traffic signs which are placed in the right of ways by private citizens who allow public

1. All subsequent section references shall be to sections contained in article 6701d unless otherwise specified.

ingress and egress to private property once the public has come to rely upon the traffic signs put up by private citizens ... If such is the case, then the State has failed to provide sufficient summary judgment proof to conclude as a matter of law that it was entitled to summary judgment. (emphasis added)

No case law or statutory authority is cited in support of the Hynes' contention.

■ The basis for the State's motion for summary judgment is its affirmative defense that it had sovereign immunity from Appellants' suit. At common law, traffic control is generally a governmental function for which there is immunity. *City of Austin v. Daniels*, 335 S.W.2d 753 (Tex. 1960). Section 101.025 of the Texas Tort Claims Act waives this governmental immunity. The Act provides several specific exemptions from the waiver.

Here, the State relies specifically upon two Sections of the Tort Claims Act, Sections 101.056 and 101.060 as exemptions from waiver of its immunity. Section 101.060 excepts from the waiver the failure of the State *initially* to place a traffic sign at a site if the failure to install the sign is *discretionary* with the State; it also provides that if an installed traffic sign is removed or destroyed, there is likewise no waiver unless the State corrects the sign's removal within a reasonable time after notice. In addition, Section 101.056 provides that the State's sovereign immunity is not waived by the Tort Claims Act if the alleged misconduct was a discretionary act with the governmental unit. Sections 29 and 30 of Article 6701d specifically authorize the State to exercise its discretion in placing traffic control signs. *State Department of Highways and Public Transportation v. King*, 808 S.W.2d 465, 466 (Tex.1991).

■ The summary judgment evidence here is limited; it consists of two brief affidavits, one by a Department of Transportation District Traffic Engineer and the other by one of its Maintenance Foremen.

The Hynes offered no evidence. The State did not physically install nor specifically authorize another party to erect a stop sign at this entrance to the Loop. *Nevertheless, one of the State's affidavits averred that a stop sign had been in place on Sam's private driveway for an undisclosed period of time prior to the accident.*[2] This stop sign, however, *was not in place* when the accident occurred. The summary judgment evidence fails to disclose when the sign was removed nor the date when the State became aware of its absence.

Section 36(a) of Article 6701d prohibits anyone from placing upon or in view of a highway a sign that purports to be or resembles a State traffic-control sign. Subsection (e) of that Section declares such unofficial sign to be a "public nuisance" and empowers the State to remove it without notice; the placement of the unauthorized sign is a misdemeanor offense under Section 143.

Therefore, at some time preceding the accident, the State's evidence shows that the Department of Transportation became aware of the existence and placement of the third party's stop sign. A reasonable inference is that the State then was charged with the responsibility to exercise its policy discretion either to remove the illegal sign or permit it to remain. There is no evidence that the State removed or required the removal of the stop sign; on the contrary, the District Engineer stated that he would have no objection to the existing sign as it had been erected.

■ Since the reasonable inference, therefore, was that the State approved and decided that the subject stop sign was appropriate to control the traffic approaching Loop 323 from this driveway, the State then had the additional choice of either removing the existing sign and replacing it with its own State sign, or, alternatively, allowing Sam's sign to remain in place. A reasonable inference is that the latter course was selected. Therefore, we hold

---

2. According to the Maintenance Foreman's affidavit, the stop signs were not positioned in such close proximity to the Loop that they interfered with the operation of vehicles operating on that highway.

that a material fact issue is raised that the State at some time prior to the date of the accident exercised its discretion not to remove Sam's stop sign, but retain it. Furthermore, we hold that when the State became aware of the presence of the stop sign, its decision to continue the use of the existing sign rather than substituting its own sign raised a material fact issue that such action constituted a constructive initial placement of the sign by the State. After the discretionary decision was made to continue to use Sam's sign, maintaining or replacing that sign until a later decision might be made to revise the traffic control at that intersection was a ministerial act, not a discretionary one. *Lenzen v. New Braunfels*, 13 Tex.Civ.App. 335, 35 S.W. 341, 344 (1896).

Regarding the absence of the original sign at the time of the accident, there is no summary judgment evidence as to when that sign was removed to determine whether its removal should have been corrected by the State within a reasonable time after notice, as required by Section 101.060(b) and (c). Furthermore, the finding of "a reasonable time" presents a fact question for the trier of fact. For the reasons stated, we hold that a material fact issue was raised that the State's sovereign immunity against suits was waived when the State decided not to remove the stop sign and that the State failed to conclusively show that it was entitled to a take-nothing summary judgment as a matter of law.

The judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

## OPINION ON MOTION FOR REHEARING

By opinion delivered January 26, 1993, 855 S.W.2d 731, the court reversed a summary judgment in favor of Appellee State of Texas ("State") and remanded the case to the trial court for further proceedings consistent with its opinion. In its Motion for Rehearing, the State urges five points of error, in the first four of which its arguments are consolidated. On these points, the State contends that the court's

holding was erroneous, because the State not only had the discretionary option of either removing the subject stop sign or approving it as part of the highway traffic control system, but had a *third* alternative of *doing nothing* with reference to the existence of the sign.

■ The subject stop sign was an unauthorized sign erected by unknown third parties. The act of erecting this sign was a violation of the law, a misdemeanor, and the legislature declared such sign to be a public nuisance that could be removed by the Texas Department of Transportation ("TDT") without notice. TEX.REV.CIV.STAT. ANN. art. 6701d, Sec. 36(a), (e) (Vernon 1977). The *Uniform Act Regulating Traffic on Highways*, TEX.REV.CIV.STAT.ANN. art. 6701d (Vernon 1977), reveals the intent of the legislature that the TDT be designated as the sole governmental agency charged with the responsibility for the system of traffic control devices on all State highways. Municipalities and other local authorities must receive TDT permission before erecting traffic signs on any highway within TDT's jurisdiction. Article 6701d, Sec. 30(b). Moreover, *no local authority may erect or maintain a stop sign at any location which requires traffic on a State highway to stop or yield to cross traffic unless agreed to by TDT.* Art. 6701d, Sec. 27(b). It cannot be disputed that the State highway system would be impacted as much by unauthorized signs as by signs erected by municipalities.

To have affirmed the State's summary judgment in this case, this Court would have been required to have concluded that, as a matter of law, the State has no responsibility for determining the propriety of unauthorized stop signs controlling traffic entering State highways. This we are unable to do; we, furthermore, conclude that this opinion imposes no additional burden upon the TDT that it did not already have. The State's first four points of error are without merit.

■ In its fifth point of error, the State argues that its liability for the sign's absence at the time of the accident could not be imposed upon the State "when the con-

clusive and only summary judgment evidence was that the subject stop sign was not a part of the traffic control for this area of a state highway." In his brief affidavit, the State's district traffic engineer made only the statement, "Traffic control and traffic safety on Loop 323 in this area did not in any way rely upon any signs or traffic control devices which may have been installed by Sam's on their private driveway." This is a conclusory declaration, without any proof of supporting facts. *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984); *Keenan v. Gilbraltar Sav. Ass'n*, 754 S.W.2d 392, 393–94 (Tex.App.–Houston [14th Dist.] 1988, no writ). There is no evidence in the record of the contents of the appropriate sections of the Texas Manual on Uniform Traffic Control Devices or any other summary judgment evidence as to the State's traffic control or vehicular safety scheme at the site of the accident. The proof herein is exceedingly brief, and this conclusionary declaration does not, of itself, preclude the existence of a genuine issue of material fact as to the nature and extent of the State's consideration of and response to the erection of the unauthorized stop sign.

Appellee's motion for rehearing is overruled.