The STATE of Texas, Petitioner,

v.

Bill and Susan HYNES, Individually and as Next Friends for Julie Elizabeth Hynes, Respondents.

No. D–4088.

Supreme Court of Texas.

Nov. 24, 1993.

Dan Morales, Will Pryor, Mary F. Keller, Richard D. Naylor, Grady Click, Mark Heidenheimer, Austin, for petitioner.

Michael L. Atkinson, David G. Mills, Orange, for respondents.

PER CURIAM.

Bill and Susan Hynes, individually and as next friends for their minor daughter sued the State of Texas for personal injuries the daughter suffered in an automobile accident. The Hynes allege that the State is liable for negligence under the Texas Tort Claims Act,[1] for failing to replace a traffic sign within a reasonable time after receiving notice that a third party had removed the sign.

A stop sign had been placed at the exit from a private parking lot to a highway access road. Some time before the accident, the sign was removed. The State's uncontroverted evidence showed that the State neither placed the sign, nor authorized it, in the private drive adjacent to the intersection where the accident occurred. The sign was on private property, but was in the highway right-of-way. The State had notice that the sign had been erected, but there is no summary judgment evidence the State had actual notice the sign was removed before the accident. The trial court granted the State's motion for summary judgment based on governmental immunity. The court of appeals reversed and remanded, holding that a fact issue was raised because there was a reasonable inference from the evidence that the State's failure to remove the privately constructed sign amounted to an adoption of the sign as its own. 855 S.W.2d 731, 733–34. We disagree.

The relevant statute expressly declares any privately constructed sign on the state

---

1. Tex.Civ.Prac. & Rem.Code Ann. § 101.060(a)(2), (3) (Vernon 1986).

highway right-of-way as a public nuisance.[2] Furthermore, the State is "empowered" to remove such a private sign or cause it to be removed without notice.[3] The statute does not direct the State to remove such signs within any particular time limit. It does not require the State to remove signs at all, but permits it.

We construe this statute to provide the State with a discretionary decision when to remove such privately constructed traffic signs. No inference of "adoption" of the sign by the State arises because the State decides not to remove the sign by a certain date, even though it has notice of the sign, because the State's decision to delay enforcement of a statute stating it "may" remove such signs, is discretionary. Discretionary acts by the State are not subject to liability. TEX.CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1986); see also State v. Terrell, 588 S.W.2d 784, 787–88 (Tex.1979) (immunity to governmental units for certain discretionary decisions). Without hearing argument, a majority of the court grants the application for writ of error, reverses the judgment of the court of appeals, and affirms the summary judgment of the trial court. TEX.R.APP.P. 170.

**2.** TEX REV.CIV.STAT ANN. art. 6701d § 36(c) (Vernon 1977).

