Gary SIDERS and Steven
Siders, Appellants,

v.

The STATE of Texas, Appellee.

No. 05–97–01016–CV.

Court of Appeals of Texas,
Dallas.

May 26, 1998.

Harold K. Tummel, McAllen, for Appellants.

Grady Click, Jorge Vega, Asst. Attys. Gen., Austin, for Appellee.

Before KINKEADE, JAMES and MOSELEY, JJ.

## OPINION

JAMES, Justice.

After suffering injuries following a one-vehicle accident, appellants Gary and Steven Siders brought suit against the State of Texas pursuant to the Texas Tort Claims Act. On the State's motion, the trial court granted summary judgment on the entire case. In a single point of error, the Siders contend the trial court erred in granting the State's motion for summary judgment. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

The Siders allege the State was negligent in failing to remove a stop sign following road improvements to the intersection of State Highway 274 and FM 2613 in Kaufman County. Prior to the improvements, an unpaved county road connected State Highway 274 and FM 2613. The county road intersected FM 2613 at an angle, and a stop sign on the county road controlled traffic entering FM 2613. The State designed a new roadway to by-pass the old county road and connect Highway 274 with FM 2613. The new roadway was designated FM 3396. New FM 3396 was designed to deviate from the straight path of the old county road and curve as it approached FM 2613, causing the new roadway to intersect FM 2613 at a ninety degree angle.

The parties agree the plans and specifications for new FM 3396 did not call for removal of the stop sign on the old county road, and the sign was left in place following construction. The old stop sign was located on State property. The record does not reflect who erected the sign originally. Following construction, the stub end of the county road became a private driveway providing a homeowner access to FM 2613. The old county road did not connect to new FM 3396 and was separated from the curve on FM 3396 by a sodded ditch. The curve on new FM 3396 was marked by reflective delineators mounted on poles around the outside of the curve. It is undisputed that the new roadway was constructed and maintained exactly as designed.

According to the Siders, the placement of the old stop sign created the illusion that new FM 3396 continued straight toward the old intersection between FM 2613 and the old county road, rather than curving to meet FM 2613 at a ninety degree angle. The new stop sign at the new intersection could not be seen until a vehicle rounded the curve. The Siders allege they were traveling on new FM 3396 toward FM 2613 around 12:45 a.m. The Siders failed to negotiate the curve on new FM 3396 and instead proceeded toward the old stop sign in the distance. After driving off the new roadway, their pickup ran into the ditch separating new FM 3396 from the old county road and flipped over, allegedly resulting in severe injuries to both occupants.

## STANDARD OF REVIEW

In reviewing a summary judgment, this Court applies the following standards:

(1) The movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law.

(2) In deciding whether a disputed material fact issue exists precluding summary judgment, we take evidence favorable to the non-movant as true.

*Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). To prevail on summary judgment, a defendant must either (1) disprove at least one element of each of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *International Union UAW Local 119 v. Johnson Controls, Inc.,* 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Muckelroy v. Richardson Indep. Sch. Dist.,* 884 S.W.2d 825, 828 (Tex.App.—Dallas 1994, writ denied).

When a motion for summary judgment asserts specific grounds, summary judgment cannot be upheld on grounds which were not asserted, even if the evidence supports the unasserted grounds. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex.1993). If the order granting summary judgment does not specify the grounds on which the motion was granted, the order will be upheld on any ground asserted by the

movant that is supported by the evidence. *See Rogers v. Ricane Enters.*, 772 S.W.2d 76, 79 (Tex.1989).

The purpose of the summary judgment rule is not to provide a trial by deposition or affidavit. Rather, the purpose of the rule is to provide a method of summarily ending a case that involves only a question of law or no genuine issue of fact. *Gaines v. Hamman*, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The rule is not intended to deprive litigants of their right to a full hearing on the merits of any real fact issue. *See Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

## TORT CLAIMS ACT

Appellants brought this claim against the State pursuant to the Texas Tort Claims Act. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1996 & Supp.1998). Appellants allege negligent design, negligent construction, and negligent maintenance.

 The State enjoys sovereign immunity from suit arising out of governmental functions and waives immunity only if liability arises under the Tort Claims Act. *City of San Benito v. Cantu*, 831 S.W.2d 416, 420 (Tex.App.—Corpus Christi 1992, no writ); *Villarreal v. State*, 810 S.W.2d 419, 421 (Tex. App.—Dallas 1991, writ denied); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 101.025 (Vernon 1997). A plaintiff has the burden of proving the existence and violation of a legal duty in order to impose liability under the Tort Claims Act, and in the absence of this showing, the State's sovereign immunity remains intact. *City of Denton v. Van Page*, 701 S.W.2d 831, 834 (Tex.1986); *Cantu*, 831 S.W.2d at 420.

 Under the Tort Claims Act, the State cannot be held liable for a failure to perform an act that it is not required by law to perform or for decisions that are purely discretionary. TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1997); *Zambory v. City of Dallas*, 838 S.W.2d 580, 582 (Tex. App.—Dallas 1992, writ denied). It is well established that the design of roadways is a discretionary function, and the State will not be liable for such decisions. *Tarrant County Water Control & Improvement Dist. No. 1 v. Crossland*, 781 S.W.2d 427, 433 (Tex.App.— Fort Worth 1989, writ denied), *overruled on other grounds by City of Dallas v. Mitchell*, 870 S.W.2d 21, 23 (Tex.1994); *see also Villarreal*, 810 S.W.2d at 422. Lights, signs, and safety features are part of a roadway design; therefore, the placement of stop signs and other safety features are discretionary in nature and cannot give rise to liability under the Tort Claims Act. *See Villarreal*, 810 S.W.2d at 420–21; *Crossland*, 781 S.W.2d at 432; *Shives v. State*, 743 S.W.2d 714, 717 (Tex.App.—El Paso 1987, writ denied). Unlike design activities, however, construction and maintenance do not necessarily involve discretionary acts and may give rise to liability under the Tort Claims Act. *See Mitchell v. City of Dallas*, 855 S.W.2d 741, 745 (Tex. App.—Dallas 1993), *aff'd on other grounds*, 870 S.W.2d 21 (Tex.1994).

## APPLICATION OF LAW TO FACTS

Appellants agree, as they must, the State is immune from tort liability for discretionary functions. Appellants argue, however, that the State, like private citizens, is prohibited by law from displaying unauthorized traffic signs and therefore had no discretion whether to remove the old stop sign in dispute. Appellants rely on article 6701d of the civil statutes, which in relevant part provides:

> No person shall place, maintain or display upon or in view of any highway any unauthorized sign, signal, marking or device which purports to be or is an imitation of or resembles an official traffic-control device or railroad sign or signal, or which attempts to direct the movement of traffic, or which hides from view or interferes with the effectiveness of an official traffic-control device or any railroad sign or signal.

TEX.REV.CIV. STAT. ANN. art. 6701d, § 36(a) (Vernon 1977).[1]

In response to deposition questioning, a State engineer responsible for the road improvements in dispute stated the old stop

---

1. In 1995, article 6701d, § 36(a) was recodified without substantive change at Transportation Code § 544.006. *See* TEX. TRANSP. CODE ANN. § 544.006 (Vernon 1997).

sign was not authorized. Therefore, for purposes of summary judgment, we assume the stop sign in dispute was not authorized. We cannot assume, however, that the State had an affirmative duty to remove the stop sign under article 6701d.

■ Appellants cite no authority, and we have found none, which applies article 6701d to the State. The more reasonable construction of the statute is subsection 36(a) prohibits private persons from displaying traffic-control devices which have not been authorized by a governmental authority. In interpreting this statute, the supreme court construed the statute to refer to "any *privately* constructed sign." *State v. Hynes,* 865 S.W.2d 943, 943 (Tex.1993) (emphasis added). The court further concluded subsection (e) of article 6701d grants the State discretionary authority to remove unauthorized private signs, but does not require it to do so. *Id.* at 944. Further, the State does not adopt an unauthorized sign by failing to remove it. *Id.* Additionally, this Court has held the placement of traffic signs to be a discretionary function which cannot give rise to a claim under the Tort Claims Act. *See Villarreal,* 810 S.W.2d at 420–21. Accordingly, because the removal of the old stop sign was a discretionary function, the State has no liability for failing to remove it. *See Hynes,* 865 S.W.2d at 944; *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1997).

Appellants make the additional argument that the plans and specifications themselves constitute "tangible property." Therefore, appellants assert the State waived sovereign immunity under section 101.021 of the Civil Practice and Remedies Code. In relevant part, section 101.021 provides:

A governmental unit in the state is liable for: ... (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

In support of their interpretation of section 101.021, appellants rely on *Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d 30 (Tex.1983).

In *Salcedo,* the supreme court upheld a claim under the Tort Claims Act arising from doctors in a state hospital misreading an electrocardiogram. *Id.* at 32. The following year, however, the court distinguished *Salcedo,* finding *Salcedo* to involve the misuse of equipment, which is tangible, rather than the misuse of information, which is not. *See University of Texas Medical Branch at Galveston v. York,* 871 S.W.2d 175, 178–79 (Tex. 1994). The court noted that the fact "information is recorded in writing does not render the information tangible property." *Id.* at 179.

■ We conclude the present action is controlled by *York* rather than *Salcedo.* The failure of the State to include in the plans and specifications information regarding the disposition of the old stop sign did not render the documents to be tangible property within the meaning of section 101.021 of the Civil Practice and Remedies Code.

■ Appellants also argue the State's failure to remove the old stop sign constitutes negligent construction and negligent maintenance. Appellants' negligent construction and maintenance claims fail as a matter of law because they are simply their design claim assigned new labels. Appellants' witnesses agreed the highway was constructed exactly as designed. Appellants also agree the design did not call for the removal of the old stop sign. Therefore, the failure to remove the sign could not constitute negligent construction. Likewise, maintenance involves preservation of a highway as it was designed and constructed. *Villarreal,* 810 S.W.2d at 421; *Shives,* 743 S.W.2d at 716. Accordingly, the failure to remove the old stop sign could not be negligent maintenance.

■ Finally, appellants contend the State's summary judgment evidence did not establish the State-employed engineers who designed the roadway were immune from suit. A governmental entity has no liability under the Texas Tort Claims Act arising from the acts of a governmental employee if the employee, whose actions form the basis of the claim against the State, has official

immunity. *City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex.1993). Official immunity inures to all governmental employees who perform discretionary functions in good faith and within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). We conclude the summary judgment evidence establishes official immunity for the State employees who designed the road in dispute.

It is undisputed the State engineers were acting within the scope of their employment in designing the roadway. Further, while appellants contend the State's engineers had no discretion but to comply with section 36(a) of article 6701d, we previously concluded the affirmative obligations of article 6701d, section 36(a), are not applicable to the State, and the State's power to remove signs under article 6701d is discretionary. Therefore, the State engineers have no liability under article 6701d. Appellants do not otherwise dispute the engineers' actions were discretionary. Accordingly, the only remaining issue is whether the engineers acted in good faith.

Texas uses an objective legal standard to test the good faith of governmental employees in an official immunity case. *Murillo v. Vasquez*, 949 S.W.2d 13, 16 (Tex. App.—San Antonio 1997, writ denied). "The official has the burden to prove a reasonably prudent official, under the same or similar circumstances, might have believed that the action was justified." *Id.*

The State's summary judgment evidence establishes the State engineers followed the standards set forth in a state-approved design manual and designed the roadway following the same procedures they usually employ. We conclude these facts establish good faith on the part of the State engineers. It was unnecessary for the engineers to testify to the legal conclusion that their actions were made in good faith. Summary judgment requires a party establish facts upon which the court could base its conclusion the employees acted in good faith. *See Pena v. Neal, Inc.*, 901 S.W.2d 663, 669 (Tex.App.—San Antonio 1995, writ denied). The employees' testimony is undisputed. Further, it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted by showing the employees deviated from established procedures. *See* Tex.R. Civ. P. 166a(c). Accordingly, the State's evidence supports the trial court's entry of summary judgment.

We overrule appellants' sole point of error and affirm the trial court's judgment.