NUMBER 13-00-192-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


THE COUNTY OF HIDALGO, Appellant,


v.



JOSE G. CANTU, SR., ET. AL., Appellees.

___________________________________________________________________


On appeal from the 275th District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Chavez


Opinion by Justice Yañez


 Appellant, Hidalgo County, brings this interlocutory appeal to
challenge the denial of its plea to the jurisdiction in a case brought by
Jose Cantu and San Juana Cantu ("the Cantus"). We reverse and
render.

BACKGROUND

 On September 14, 1994, an accident occurred at the intersection
of Alberta and Jackson roads, in Hidalgo County, Texas. The accident
happened when a car, driven by Oliver Gonzalez, traveling west on
Alberta road, collided with a car, driven by Jesus Garcia, Jr., traveling
north on Jackson Road. At the time of the accident, traffic on Alberta
road had the right-of-way, as there were stop signs controlling traffic
on Jackson Road. Garcia had ignored the stop sign and entered the
intersection, thus causing the collision. As a result of the wreck, Mari
Cruz Cantu was injured, and her brothers, Roberto Cantu and Jose G.
Cantu, Jr., were killed. This suit was filed by Jose and San Juana
Cantu, the parents of Mari, Robert and Jose, Jr.

 The Cantus brought suit against Garcia and Hidalgo County. The
Cantus alleged that Hidalgo County was liable because the stop signs
on Jackson Road were insufficient to properly control the volume of
traffic using Jackson and Alberta roads, thus creating a dangerous
condition. The Cantus argue that because of the amount of traffic
passing through the intersection of Jackson and Alberta roads, the
intersection should have been a four-way stop. Hidalgo County filed a
plea to the jurisdiction, arguing that the County is immune from suit in
this case because the Cantus failed to show that their case qualified
under any of the statutory waivers of sovereign immunity created by the
Texas Tort Claims Act ("TTCA").(1) The trial court denied the County's
plea to the jurisdiction, and the County filed an interlocutory appeal to
this Court.(2)

Standard of Review

 A governmental entity is immune from suit unless that immunity
is waived. See Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999). A party suing a governmental entity must establish a
waiver of immunity either by reference to a statute or express legislative
permission. Id. Absent a waiver of immunity, a trial court lacks subject
matter jurisdiction. Id. 

 A plea to the jurisdiction is a dilatory plea by which a party
contests the trial court's authority to determine the subject matter of the
cause of action. State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.--Corpus Christi 1989, writ denied). When reviewing a trial court's denial
of a plea to the jurisdiction, appellate courts look solely at the
allegations in the petition. Texas Ass'n of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993); Caspary v. Corpus Christi Downtown
Management Dist., 942 S.W.2d 223, 225 (Tex. App.--Corpus Christi
1997, writ denied). The allegations in the pleadings are taken as true,
and are construed in the favor of the plaintiff. Texas Ass'n of Bus., 852
S.W.2d at 446. The plaintiff bears the burden of alleging facts that
affirmatively demonstrate the court's jurisdiction. Id.; City of Saginaw
v. Carter, 996 S.W.2d 1, 2 (Tex. App.--Fort Worth 1999, no pet.). If the
petition fails to allege jurisdictional facts, the plaintiff's suit is subject to
dismissal only when it is impossible to amend the pleadings to confer
jurisdiction. City of Saginaw, 996 S.W.2d at 3; Liberty Mut. Ins. Co. v.
Sharp, 874 S.W.2d 736, 739 (Tex. App.--Austin 1994, writ denied). 
Whether a trial court has subject matter jurisdiction is a question of law. 
American Pawn & Jewelry, Inc., v. Kayal, 923 S.W.2d 670, 672 (Tex.
App.--Corpus Christi 1996, writ denied).

Discussion

 In their third amended petition,(3) the Cantus alleged that Hidalgo
County was liable under waivers of immunity contained in sections
101.0215, 101.022, and 101.060 of the TTCA. See Tex. Civ. Prac. &
Rem. Code Ann., §§ 101.215, 101.022, 101.060 (Vernon 1997 & Supp.
2000). The Cantus argued that the stop signs on Jackson Road were
inadequate to control traffic at the intersection of Jackson and Alberta
roads, thus creating a dangerous condition for which Hidalgo County
was liable. Hidalgo County argued, in their plea to the jurisdiction, that
the County is immune for decisions concerning the placement of stop
signs.

 The waivers of immunity contained in the TTCA do not apply to
decisions by a governmental unit which the law leaves to the discretion
of the governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 101.056
(Vernon 1997). In other words, Hidalgo County remains immune for
decisions which are left to the County's discretion. Id. Whether a
governmental decision is discretionary is a question of law. Garza v.
State, 878 S.W.2d 671, 674-75 (Tex. App.--Corpus Christi 1994, no
writ).

 Decisions concerning the initial installation of stop signs are
discretionary and governmental units are thus immune from suit in
cases arising from these types of decisions. Siders v. State, 970
S.W.2d 189, 192 (Tex. App.--Dallas 1998, writ denied); Johnson v.
Texas, 905 S.W.2d 394, 398 (Tex. App.--Austin 1995, no writ)
; Shives
v. State, 743 S.W.2d 714, 717 (Tex. App.--El Paso 1987, writ denied).
However once a governmental unit has decided to install a traffic sign,
the government has a duty to maintain the sign. See Tex. Civ. Prac. &
Rem. Code Ann. §§ 101.022(b), 101.060(a)(2) (Vernon 1997); Lorig v.
City of Mission, 629 S.W.2d 699, 701 (Tex. 1982) (city has duty to
remedy the obstruction of a stop sign within a reasonable time of the
city receiving notice of the obstruction); State v. Gonzalez, 24 S.W.3d
533, 539 (Tex. App.--Corpus Christi 2000, no pet. h.) (State has a duty
to replace a stop sign removed or damaged by vandals when State has
knowledge of stop sign's absence). The Cantus have not alleged that
the stop signs on Jackson Road were obstructed, damaged, or missing;
they allege that the two stop signs were inadequate to control the traffic
at the intersection. The Cantus argue that the County should have
placed stop signs on Alberta Road, as well as the two on Jackson Road,
thus making the intersection a four-way stop. Hidalgo County's
decision to control traffic at the intersection of Alberta and Jackson
roads with stop signs on Jackson Road was discretionary. See Siders
v. State, 970 S.W.2d at 192. However, this determination does not end
our inquiry into Hidalgo County's immunity, because the Cantus alleged
that the condition of the intersection constituted a special defect.

 Hidalgo County has a duty to warn of special defects. Tex. Civ.
Prac. & Rem. Code Ann. § 101.060(c)(Vernon 1997); State v. Rodriguez,
985 S.W.2d 83, 85 (Tex. 1999). A special defect is a condition, such as
an excavation or roadway obstruction, which unexpectedly and
physically impairs a car's ability to travel on the road. Rodriguez, 985
S.W.2d at 85; State Dep't of Highways v. Payne, 838 S.W.2d 235, 238
(Tex. 1992).

 The Cantus alleged that the intersection of Jackson and Alberta
roads constituted a special defect. In their brief, and at oral argument,
the Cantus argued that the increased population in the area served by
the two roads, as well as improvements to the roadway, led to a
marked increase in traffic using the intersection. The Cantus contended
that this increase rendered the stop signs on Jackson Road inadequate
to control the traffic at the intersection, and supported this contention
by referring to several accidents which have occurred at the
intersection.

 Although the Cantus have raised questions about the safety of the
intersection, they have not described any condition of the intersection
of Jackson and Alberta roads which would constitute a special defect
which would waive the County's immunity. The increase in traffic on
Jackson and Alberta roads is not a condition that "unexpectedly and
physically impairs a car's ability to travel on the road." Therefore, it is
not a special defect which would result in a waiver of Hidalgo County's
immunity and Hidalgo County is immune from suit in this case.

Conclusion

 After reviewing the record, and construing the pleadings in favor
of the Cantus, we conclude that the Cantus's petition affirmatively
shows that this case does not fall within the waivers of immunity
contained in the TTCA. The Cantus did not plead facts affirmatively
showing that the trial court had subject-matter jurisdiction. Because
governmental immunity defeats a trial court's subject mater jurisdiction,
we hold the trial court erred in denying Hidalgo County's plea to the
jurisdiction. Therefore, we sustain Hidalgo County's sole issue on
appeal.

 We REVERSE the trial court's order denying Hidalgo County's plea
to the jurisdiction and RENDER judgment in favor of Hidalgo County on
its plea to the jurisdiction. See Tex. R. App. P. 43.3.


 

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 26th day of October, 2000.

 

1. Tex. Civ. Prac. & Rem. Code Ann. Chap. 101 (Vernon 1997 &
Supp. 2000). 
2. Interlocutory appeals are allowed to challenge the granting or
denial of a governmental entity's plea to the jurisdiction. Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (a) (8) (Vernon Supp. 2000).
3. The Cantus' third amended petition is the last petition filed in
this case.