COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



THE STATE OF TEXAS, TEXAS
DEPARTMENT OF
TRANSPORTATION,

                            Appellant,

v.

CYNTHIA BARRAZA,

                            Appellee.

§

§

§

§

§


No. 08-03-00067-CV

Appeal from the

County Court at Law No. 3

of El Paso County, Texas

(TC# 99-2162)



O P I N I O N

           This is an appeal from the trial court’s denial of Appellant’s motion for judgment not
withstanding the verdict or in the alternative, motion for new trial on the basis of sovereign
immunity. For the reasons stated, we reverse the judgment of the trial court and render
judgment in favor of Appellant.
I. SUMMARY OF THE EVIDENCE
           Appellee, Cynthia Barraza, was a passenger in a vehicle driven by Nicolas Morales
that was involved in a single car accident on Interstate Highway 10 in El Paso, Texas shortly
after midnight on September 6, 1998. Appellee was a passenger in the front seat and Alfredo
Chavira was a passenger in the backseat. The vehicle was traveling eastbound in the far left-hand lane. As it approached the Yarbrough exit, it swerved sharply to right colliding with
the right-hand guardrail. The vehicle traveled over the guardrail, left the roadway, and rolled
down a concrete embankment. The cause of the accident is represented as the result of
Appellee grabbing the steering wheel and turning it sharply to the right during an argument
with the driver Nicolas Morales or as the result of Nicolas Morales reaching for his cell
phone and suddenly turning the vehicle. The three individuals had been drinking and
partying at a local nightclub. Appellee suffered serious injuries in the accident and filed suit
against Nicolas Morales and the State of Texas, Texas Department of Transportation. 
Alfredo Chavira appears as intervenor in the case below.


 Appellee’s claims against
Appellant allege that the guardrail at the location in question had been improperly designed
and maintained and that the State owed a duty to correct or warn of a dangerous condition
associated with the guardrail.
           Among other defenses, Appellant claimed the defense of sovereign and official
immunity in its Original Answer.
           On October 21, 2002, trial to a jury was held. After a five-day trial, the jury returned
a verdict in favor of Appellee finding Appellant 50 percent negligent for the accident in
question. On November 22, 2002, Appellant filed a motion for judgment notwithstanding
the verdict or motion for new trial. The court denied the motions on January 6, 2003. On
February 3, 2003, the trial court entered a judgment in favor of Appellee awarding damages
in the amount of the statutory limit of $250,000.
II. DISCUSSION
           In three issues on appeal, Appellant complains of the rulings of the trial court in
denying its motion for judgment notwithstanding the verdict on the basis of sovereign
immunity and because of no evidence to prove a premises defect claim. Issue No. Three
complains that the trial court erroneously denied Appellant’s motion for new trial based upon
the erroneous admission and exclusion of evidence.
           Issue No. One complains, in substance, that Appellant is immune from suit on the
basis of sovereign immunity for the cause of action pleaded and proved by Appellee at trial. 
Because we find that Issue No. One is dispositive of the case, we do not reach the remaining
issues.
A. Standard of Review
           A judgment notwithstanding the verdict is authorized only where the trial court
determines that no evidence supports the jury’s findings. Mancorp v. Culpepper, 802 S.W.2d
226, 227 (Tex. 1990). Therefore, the denial of a motion for judgment notwithstanding the
verdict is reviewed on appeal as a “no evidence” point. Sherman v. First Nat’l Bank, 760
S.W.2d 240, 241-42 (Tex. 1988). In reviewing a “no evidence” challenge, the appellate court
considers only the evidence and reasonable inferences therefrom that tend to support the jury
findings, disregarding all contrary evidence and inferences. Redman Homes, Inc. v. Ivy, 920
S.W.2d 664, 667 (Tex. 1996). If there is any evidence of probative force to support the jury’s
findings, however, a motion for j.n.o.v. must be denied. See Navarette v. Temple Indep. Sch.
Dist., 706 S.W.2d 308, 309 (Tex. 1986).
           A “no evidence” or legal insufficiency point is a question of law which challenges the
legal sufficiency of the evidence to support a particular fact finding. There are two separate
“no evidence” claims. When the party having the burden of proof suffers an unfavorable
finding,


 the point of error challenging the legal sufficiency of the evidence should be that
the fact or issue was established as “a matter of law.” When the party without the burden of
proof suffers an unfavorable finding, the challenge on appeal is one of “no evidence to
support the finding.” In re Estate of Livingston, 999 S.W.2d 874, 879 (Tex. App.--El Paso
1999, no pet.); see Creative Manufacturing, Inc. v. Unik, Inc., 726 S.W.2d 207, 210 (Tex.
App.--Fort Worth 1987, writ ref’d n.r.e.).
           When attacking the legal sufficiency of the evidence to support an adverse finding on
an issue for which he had the burden of proof, i.e., challenging the trial court’s finding as a
matter of law, the appellant must demonstrate on appeal that the evidence conclusively
established all the vital facts in support of the issue. In re Estate of Livingston, 999 S.W.2d
at 879; Sterner v. Marathon Oil Company, 767 S.W.2d 686, 690 (Tex. 1989); Kratz v. Exxon
Corp., 890 S.W.2d 899, 902 (Tex. App.--El Paso 1994, no writ); Chandler v. Chandler, 842
S.W.2d 829, 832 (Tex. App.--El Paso 1992, writ denied). A party attempting to overcome
an adverse fact finding as a matter of law must surmount two hurdles. In re Estate of
Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690. First, the record must be
examined for evidence that supports the finding, while ignoring all evidence to the contrary. 
In re Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890
S.W.2d at 902. Second, if there is no evidence to support the finding, then the entire record
must be examined to see if the contrary proposition is established as a matter of law. In re
Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at
902. Only if the contrary position is conclusively established will the point of error be
sustained. In re Estate of Livingston, 999 S.W.2d at 879-80; Kratz, 890 S.W.2d at 902; 
Chandler, 842 S.W.2d at 832. We review Appellant’s issue to resolve the question of
sovereign immunity as a defense as a matter of law.
B. Sovereign Immunity and the Texas Tort Claims Act
           TxDOT, as a state agency, is immune from suit unless that immunity is waived. Tex.
Dep’t of Transp. v. City of Floresville Elec. Power & Light Sys., 53 S.W.3d 447, 455 (Tex.
App.--San Antonio 2001, no pet.) (citing Tex. Dep’t of Transp. v. Able, 35 S.W.3d 608, 611
(Tex. 2000)). The Act provides that a governmental unit in the state is liable for:
(1) property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within his
scope of employment if: 
 
(A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven equipment;
and 
 
(B) the employee would be personally liable to the claimant according
to Texas law; and 
 
(2) personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law. 

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). The Act does not apply to:
(1) the failure of a governmental unit to perform an act that the unit is not
required by law to perform; or
 
(2) a governmental unit’s decision not to perform an act or on its failure to
make a decision on the performance or nonperformance of an act if the law
leaves the performance or nonperformance of the act to the discretion of the
governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.056 (Vernon 1997).
           The installation of roadway safety devices is discretionary. See Stanford v. State Dept.
of Highways & Public Transp., 635 S.W.2d 581, 582 (Tex. App.--Dallas 1982, writ ref’d
n.r.e). Sovereign immunity precludes a plaintiff from alleging misfeasance on the part of the
government by failing to install certain safety features, such as guard rails and stop signs. 
See id; City of Fort Worth v. Robles, 51 S.W.3d 436, 440 (Tex. App.--Fort Worth 2001, pet.
denied). The Act does not waive sovereign immunity for roadway design, which is a
discretionary act. Texas Dep’t of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002)
(finding that the design of highway and lack of barrier in median between north and
southbound lanes reflected discretionary decisions for which TxDOT retained immunity); see
State v. Miguel, 2 S.W.3d 249, 251 (Tex. 1999) (holding that decisions about highway design
and about what type of safety features to install are discretionary policy decisions that are
protected by sovereign immunity).
           Whether a condition on state property is a premises defect or a special defect is a
question of law. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). As to
premises and special defects:
(a) If a claim arises from a premise defect, the governmental unit owes to the
claimant only the duty that a private person owes to a licensee on private
property, unless the claimant pays for the use of the premises.
 
(b) The limitation of duty in this section does not apply to the duty to warn of
special defects such as excavations or obstructions on highways, roads, or
streets or to the duty to warn of the absence, condition, or malfunction of
traffic signs, signals, or warning devices as is required by Section 101.060. 

Tex. Civ. Prac. & Rem. Code Ann. § 101.022 (Vernon 1997). To establish governmental
liability for premises defects, a plaintiff must plead and prove that: (1) the condition is
unreasonably dangerous; (2) the government had knowledge of the defect and did not repair
or warn of the defect after a reasonable amount of time; (3) the injured party did not have
prior knowledge of the defect; and (4) the defect was the proximate cause of the injured
party’s harm. See State Dept. of Highways & Public Transp. v. Payne, 838 S.W.2d 235, 237
(Tex. 1992). We look to the record as a whole to determine whether Appellant is entitled to
claim immunity as a matter of law.
           The pleadings allege that TxDOT negligently maintained the guardrail in Interstate
Highway 10 in El Paso, Texas and that such failure to maintain created a special defect. The
pleadings enumerate eleven separate acts of negligence which in substance complain of the
design, condition, and maintenance of the guardrail located at the scene of the accident. At
trial, the critical complaint raised by Appellee’s expert involved the fact that the guardrail in
question had been originally constructed in 1968 at a height, to the center bolt, of
approximately twenty-one inches. Because of overlays placed on the surface of the highway
in the interim since construction, the effective height of the guardrail had been reduced to
approximately sixteen and one-half inches. Appellee contends that the condition created by
the overlays was a defective design decision which created liability on the part of Appellant
for the creation of a special defect or condition of property. She further contended that
because Appellant had repaired previous sections of the roadway’s guardrails, it had
breached its duty by failing to replace the guardrails and reconstruct the entire guardrail
system appertanant to Interstate Highway 10 to a height of twenty-one inches. Appellee
argues that Appellant had an obligation to maintain the guardrails at an effective height of
twenty-one inches and the failure to do so was a failure to properly maintain the system in
question. The arguments are premised on the fact that Appellant has a duty to properly
maintain state highways and Appellee’s belief that Appellant has a duty to raise guardrails
when repaired.
           We agree with Appellee that TxDOT has a duty to properly maintain state highways. 
See Tex. Transp. Code Ann. §§ 224.031, 224.032 (Vernon 1999). We also agree that
maintenance is clearly distinguishable from design in that maintenance refers to the
preservation of existing conditions. Stated differently, maintenance is the continuing
implementation of a previous policy decision. See City of Fort Worth v. Gay, 977 S.W.2d
814, 817 (Tex. App.--Fort Worth 1998, no pet.); Brown v. Texas Dep’t of Trans., 80 S.W.3d
594, 598 (Tex. App.--Corpus Christi 2000), aff’d by County of Cameron v. Brown, 80
S.W.3d 549 (Tex. 2002). Maintenance is the preservation of existing infrastructure. See
Garza v. State, 878 S.W.2d 671, 675 (Tex. App.--Corpus Christi 1994, no writ) (finding that
maintenance involves the preservation of existing conditions); see also Siders v. State, 970
S.W.2d 189, 193 (Tex. App.--Dallas 1998, pet. denied) (finding a duty to maintain highway
as designed).
           Appellee concedes that the design of roadways is a discretionary function for which
immunity exists. Appellee argues, however, that the facts in issue involve a failure to
maintain the guardrail and results in a waiver of immunity under the act. Her contention is
that Appellant was required to remove and replace the entire guardrail infrastructure at any
time that any portion of the guardrail was damaged to raise the entire system to the original
height of twenty-one inches to the center bolt. She agrees that the portion of damaged
guardrail was replaced when damaged, or maintained, by Appellant at the height established
at the time it was originally designed and constructed. Her complaint is, in substance, of
subsequent design decisions of engineers to place asphalt overlays on the surface of the
highway reduces the effective height of the guardrail system at the location of the overlay. 
She contends that the corresponding decision not to raise the entire system as part of the
design for the highway improvements, is a failure to maintain. On the contrary, maintenance
of the system as originally designed and constructed is the type of action contemplated in
Garza and is precisely what has occured in the case. Appellant maintained the system as it
was originally designed and constructed and made discretionary design decisions during the
overlay process not to change the design. The case at bar, therefore, involves a discretionary
design decision and thus does not fall under the Act. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.056; Stanford, 635 S.W.2d at 582.
           The change in the height of the guardrail and the complaint about its construction
reflect discretionary decisions for which TxDOT retains immunity under the Act’s
discretionary function exception. See Tex. Civ. Prac. & Rem. Code Ann. § 101.056; see
Ramirez, 74 S.W.3d at 865, 867; Miguel, 2 S.W.3d at 251; State v. Rodriguez, 985 S.W.2d
83, 85 (Tex. 1999); Maxwell v. Texas Dep’t of Transp., 880 S.W.2d 461, 463-64 (Tex. App.--Austin 1994, writ denied). Appellee does not have a cognizable premises defect claim under
the Act because any decisions complained of under the act were discretionary. Consequently,
the immunity of Appellant is not waived under the act. We find, as a matter of law, that
Appellant’s decisions regarding the design and maintenance of the guardrail in question were
discretionary decisions under Tex. Civ. Prac. & Rem. Code Ann. § 101.056 for which
immunity is preserved. For that reason, we sustain Appellant’s Issue No. One, reverse the
ruling of the trial court, and render judgment in favor of Appellant. In light of our
disposition of Issue No. One, we need not address Appellant’s remaining issues on review.
 

           Having sustained Appellant’s Issue No. One, we reverse the judgment of the trial
court and render judgment in favor of Appellant.
 
                                                                  RICHARD BARAJAS, Chief Justice
February 24, 2005

Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.
Larsen, J., not participating