The STATE of Texas, Texas DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Cynthia BARRAZA, Appellee.

No. 08–03–00067–CV.

Court of Appeals of Texas, El Paso.

Feb. 24, 2005.

David B. Strain, Asst. Atty. Gen., Austin, for Appellant.

Anthony C. Aguilar, El Paso, for Appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's denial of Appellant's motion for judgment not withstanding the verdict or in the alternative, motion for new trial on the basis of sovereign immunity. For the reasons stated, we reverse the judgment of the trial court and render judgment in favor of Appellant.

## I. *SUMMARY OF THE EVIDENCE*

Appellee, Cynthia Barraza, was a passenger in a vehicle driven by Nicolas Morales that was involved in a single car accident on Interstate Highway 10 in El Paso, Texas shortly after midnight on September 6, 1998. Appellee was a passenger in the front seat and Alfredo Chavira was a passenger in the backseat. The vehicle was traveling eastbound in the far left-hand lane. As it approached the Yarbrough exit, it swerved sharply to right colliding with the right-hand guardrail. The vehicle traveled over the guardrail, left the roadway, and rolled down a concrete embankment. The cause of the ac-

cident is represented as the result of Appellee grabbing the steering wheel and turning it sharply to the right during an argument with the driver Nicolas Morales or as the result of Nicolas Morales reaching for his cell phone and suddenly turning the vehicle. The three individuals had been drinking and partying at a local nightclub. Appellee suffered serious injuries in the accident and filed suit against Nicolas Morales and the State of Texas, Texas Department of Transportation. Alfredo Chavira appears as intervenor in the case below. Appellee's claims against Appellant allege that the guardrail at the location in question had been improperly designed and maintained and that the State owed a duty to correct or warn of a dangerous condition associated with the guardrail.

Among other defenses, Appellant claimed the defense of sovereign and official immunity in its Original Answer.

On October 21, 2002, trial to a jury was held. After a five-day trial, the jury returned a verdict in favor of Appellee finding Appellant 50 percent negligent for the accident in question. On November 22, 2002, Appellant filed a motion for judgment notwithstanding the verdict or motion for new trial. The court denied the motions on January 6, 2003. On February 3, 2003, the trial court entered a judgment in favor of Appellee awarding damages in the amount of the statutory limit of $250,000.

## II. *DISCUSSION*

In three issues on appeal, Appellant complains of the rulings of the trial court in denying its motion for judgment notwithstanding the verdict on the basis of sovereign immunity and because of no evidence to prove a premises defect claim. Issue No. Three complains that the trial court erroneously denied Appellant's motion for new trial based upon the erroneous admission and exclusion of evidence.

Issue No. One complains, in substance, that Appellant is immune from suit on the basis of sovereign immunity for the cause of action pleaded and proved by Appellee at trial. Because we find that Issue No. One is dispositive of the case, we do not reach the remaining issues.

### A. Standard of Review

 A judgment notwithstanding the verdict is authorized only where the trial court determines that no evidence supports the jury's findings. *Mancorp v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990). Therefore, the denial of a motion for judgment notwithstanding the verdict is reviewed on appeal as a "no evidence" point. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 241–42 (Tex.1988). In reviewing a "no evidence" challenge, the appellate court considers only the evidence and reasonable inferences therefrom that tend to support the jury findings, disregarding all contrary evidence and inferences. *Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 667 (Tex.1996). If there is any evidence of probative force to support the jury's findings, however, a motion for j.n.o.v. must be denied. *See Navarette v. Temple Indep. Sch. Dist.*, 706 S.W.2d 308, 309 (Tex.1986).

 A "no evidence" or legal insufficiency point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding. There are two separate "no evidence" claims. When the party having the burden of proof suffers an unfavorable finding, the point of error challenging the legal sufficiency of the evidence should be that the fact or issue was established as "a matter of law." When the party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." *In*

re Estate of Livingston, 999 S.W.2d 874, 879 (Tex.App.-El Paso 1999, no pet.); see Creative Manufacturing, Inc. v. Unik, Inc., 726 S.W.2d 207, 210 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.).

 When attacking the legal sufficiency of the evidence to support an adverse finding on an issue for which he had the burden of proof, i.e., challenging the trial court's finding as a matter of law, the appellant must demonstrate on appeal that the evidence conclusively established all the vital facts in support of the issue. In re Estate of Livingston, 999 S.W.2d at 879; Sterner v. Marathon Oil Company, 767 S.W.2d 686, 690 (Tex.1989); Kratz v. Exxon Corp., 890 S.W.2d 899, 902 (Tex.App.-El Paso 1994, no writ); Chandler v. Chandler, 842 S.W.2d 829, 832 (Tex.App.-El Paso 1992, writ denied). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. In re Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. In re Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at 902. Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law. In re Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at 902. Only if the contrary position is conclusively established will the point of error be sustained. In re Estate of Livingston, 999 S.W.2d at 879–80; Kratz, 890 S.W.2d at 902; Chandler, 842 S.W.2d at 832. We review Appellant's issue to resolve the question of sovereign immunity as a defense as a matter of law.

## B. Sovereign Immunity and the Texas Tort Claims Act

 TxDOT, as a state agency, is immune from suit unless that immunity is waived. Tex. Dep't of Transp. v. City of Floresville Elec. Power & Light Sys., 53 S.W.3d 447, 455 (Tex.App.-San Antonio 2001, no pet.) (citing Tex. Dep't of Transp. v. Able, 35 S.W.3d 608, 611 (Tex.2000)). The Act provides that a governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 1997). The Act does not apply to:

(1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or

(2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

Tex. Civ. Prac. & Rem.Code Ann. § 101.056 (Vernon 1997).

The installation of roadway safety devices is discretionary. *See Stanford v. State Dept. of Highways & Public Transp.*, 635 S.W.2d 581, 582 (Tex.App.-Dallas 1982, writ ref'd n.r.e.). Sovereign immunity precludes a plaintiff from alleging misfeasance on the part of the government by failing to install certain safety features, such as guard rails and stop signs. *See id; City of Fort Worth v. Robles*, 51 S.W.3d 436, 440 (Tex.App.-Fort Worth 2001, pet. denied). The Act does not waive sovereign immunity for roadway design, which is a discretionary act. *Texas Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002) (finding that the design of highway and lack of barrier in median between north and southbound lanes reflected discretionary decisions for which TxDOT retained immunity); *see State v. Miguel*, 2 S.W.3d 249, 251 (Tex.1999) (holding that decisions about highway design and about what type of safety features to install are discretionary policy decisions that are protected by sovereign immunity).

 Whether a condition on state property is a premises defect or a special defect is a question of law. Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 1997). As to premises and special defects:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

Tex. Civ. Prac. & Rem.Code Ann. § 101.022 (Vernon 1997). To establish governmental liability for premises defects, a plaintiff must plead and prove that: (1) the condition is unreasonably dangerous; (2) the government had knowledge of the defect and did not repair or warn of the defect after a reasonable amount of time; (3) the injured party did not have prior knowledge of the defect; and (4) the defect was the proximate cause of the injured party's harm. *See State Dept. of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). We look to the record as a whole to determine whether Appellant is entitled to claim immunity as a matter of law.

The pleadings allege that TxDOT negligently maintained the guardrail in Interstate Highway 10 in El Paso, Texas and that such failure to maintain created a special defect. The pleadings enumerate eleven separate acts of negligence which in substance complain of the design, condition, and maintenance of the guardrail located at the scene of the accident. At trial, the critical complaint raised by Appellee's expert involved the fact that the guardrail in question had been originally constructed in 1968 at a height, to the center bolt, of approximately twenty-one inches. Because of overlays placed on the surface of the highway in the interim since construction, the effective height of the guardrail had been reduced to approximately sixteen and one-half inches. Appellee contends that the condition created by the overlays was a defective design decision which created liability on the part of Appellant for the creation of a special defect or condition of property. She further contended that because Appellant had repaired previous sections of the roadway's guardrails, it had breached its duty by failing to replace the guardrails and reconstruct the entire guardrail system appurtant to Interstate Highway 10 to a height

of twenty-one inches. Appellee argues that Appellant had an obligation to maintain the guardrails at an effective height of twenty-one inches and the failure to do so was a failure to properly maintain the system in question. The arguments are premised on the fact that Appellant has a duty to properly maintain state highways and Appellee's belief that Appellant has a duty to raise guardrails when repaired.

■■ We agree with Appellee that TxDOT has a duty to properly maintain state highways. *See* Tex. Transp. Code Ann. §§ 224.031, 224.032 (Vernon 1999). We also agree that maintenance is clearly distinguishable from design in that maintenance refers to the preservation of existing conditions. Stated differently, maintenance is the continuing implementation of a previous policy decision. *See City of Fort Worth v. Gay,* 977 S.W.2d 814, 817 (Tex.App.-Fort Worth 1998, no pet.); *Brown v. Texas Dep't of Trans.,* 80 S.W.3d 594, 598 (Tex.App.-Corpus Christi 2000), *aff'd by County of Cameron v. Brown,* 80 S.W.3d 549 (Tex.2002). Maintenance is the preservation of existing infrastructure. *See Garza v. State,* 878 S.W.2d 671, 675 (Tex.App.-Corpus Christi 1994, no writ) (finding that maintenance involves the preservation of existing conditions); *see also Siders v. State,* 970 S.W.2d 189, 193 (Tex.App.-Dallas 1998, pet. denied) (finding a duty to maintain highway as designed).

Appellee concedes that the design of roadways is a discretionary function for which immunity exists. Appellee argues, however, that the facts in issue involve a failure to maintain the guardrail and results in a waiver of immunity under the act. Her contention is that Appellant was required to remove and replace the entire guardrail infrastructure at any time that any portion of the guardrail was damaged to raise the entire system to the original

height of twenty-one inches to the center bolt. She agrees that the portion of damaged guardrail was replaced when damaged, or maintained, by Appellant at the height established at the time it was originally designed and constructed. Her complaint is, in substance, of subsequent design decisions of engineers to place asphalt overlays on the surface of the highway reduces the effective height of the guardrail system at the location of the overlay. She contends that the corresponding decision not to raise the entire system as part of the design for the highway improvements, is a failure to maintain. On the contrary, maintenance of the system as originally designed and constructed is the type of action contemplated in *Garza* and is precisely what has occurred in the case. Appellant maintained the system as it was originally designed and constructed and made discretionary design decisions during the overlay process not to change the design. The case at bar, therefore, involves a discretionary design decision and thus does not fall under the Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.056; *Stanford,* 635 S.W.2d at 582.

The change in the height of the guardrail and the complaint about its construction reflect discretionary decisions for which TxDOT retains immunity under the Act's discretionary function exception. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.056; *see Ramirez,* 74 S.W.3d at 865, 867; *Miguel,* 2 S.W.3d at 251; *State v. Rodriguez,* 985 S.W.2d 83, 85 (Tex.1999); *Maxwell v. Texas Dep't of Transp.,* 880 S.W.2d 461, 463–64 (Tex.App.-Austin 1994, writ denied). Appellee does not have a cognizable premises defect claim under the Act because any decisions complained of under the act were discretionary. Consequently, the immunity of Appellant is not waived under the act. We find, as a matter of law, that Appellant's decisions re-

garding the design and maintenance of the guardrail in question were discretionary decisions under Tex. Civ. Prac. & Rem. Code Ann. § 101.056 for which immunity is preserved. For that reason, we sustain Appellant's Issue No. One, reverse the ruling of the trial court, and render judgment in favor of Appellant. In light of our disposition of Issue No. One, we need not address Appellant's remaining issues on review.

Having sustained Appellant's Issue No. One, we reverse the judgment of the trial court and render judgment in favor of Appellant.

LARSEN, J., not participating.